**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001354**
**29-JUL-2016**
**03:53 PM**

NO. CAAP-14-0001354

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE
TO BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO
LASALLE BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE
MLMI TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-
HE6, Plaintiff-Appellee, v.
CORDIALLY FUENTES RAMOS-NEWTON, Defendant-Appellant,
and ASSOCIATION OF APARTMENT OWNERS OF HARBOR VISTA;
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-1765)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Cordially Fuentes Ramos-Newton

(**Newton**) appeals pro se from the November 5, 2014 Judgment

(**Judgment**) on, *inter alia*, the November 5, 2014 Findings of Fact,

Conclusions of Law and Order granting Plaintiff[-Appellee] U.S.

Bank National Association, as Successor Trustee to Bank of

America, N.A., as Successor by Merger to Lasalle Bank, N.A., as

Trustee for the Certificateholders of the MLMI Trust, Mortgage

Loan Asset-Backed Certificates, Series 2006-HE6's [(**USBNA's**)]

Motion for Summary Judgment, entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, Newton contends that the Circuit Court erred by:

(1) Granting USBNA's summary judgment motion without having subject matter jurisdiction and through USBNA's alleged commission of forgery, uttery, and perjury;

(2) Failing to dismiss the case for lacking jurisdiction after Newton raised the issue in her Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b) (2006) motion;

(3) Failing to dismiss the case for lack of accuracy and evidentiary support; and

(4) Entering its decision and order without personal jurisdiction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Newton's points of error as follows:

We first consider Newton's argument that the Circuit Court erred in failing to dismiss the case for lack of jurisdiction after she raised various contentions in her HRCP Rule 60 motion, including that the Mortgage states that "[t]he security instrument shall be governed by federal law and the law of the jurisdiction in which the property is located," and 28 U.S.C. § 1332 requires that the U.S. District Court for the District of Hawai'i has original jurisdiction. Newton appears to

---

[1] The Honorable Bert I. Ayabe presided.

misunderstand the above-referenced Mortgage language, which specifies the choice of laws, rather than mandating exclusive federal jurisdiction. Newton's argument that the Circuit Court lacked subject matter jurisdiction over this foreclosure action on this ground is without merit and Newton's other jurisdictional arguments appear to go to her arguments on the merits. Newton's argument that the court was without personal jurisdiction is equally infirm because she failed to raise this issue in a pretrial motion to dismiss under HRCP Rule 12(b)(2), and where a party has been personally served with the complaint and summons and an alleged lack of personal jurisdiction is not properly raised, it is waived pursuant to HRCP Rule 12(h). The record on appeal includes a Return and Acknowledgment of Service evidencing personal service on Newton.

We next turn to the attorney affirmation attached to the complaint for foreclosure in this case. HRS § 667-17 (Supp. 2015) provides as follows:

> **§ 667-17 Attorney affirmation in judicial foreclosure.** Any attorney who files on behalf of a mortgagee seeking to foreclose on a residential property under this part shall sign and submit an affirmation that the attorney has verified the accuracy of the documents submitted, under penalty of perjury and subject to applicable rules of professional conduct. The affirmation shall be filed with the court at the time that the action is commenced and shall be in substantially the following form:
>
> "_____ CIRCUIT COURT OF THE STATE OF HAWAII
>
> _____
>
> Plaintiff,
>
> AFFIRMATION
>
> v.
>
> Defendant(s)
>
> Mortgaged Premises:
>
> _____
>
> *Note: During and after August 2010, numerous and widespread insufficiencies in foreclosure filings in*

*various courts around the nation were reported by major mortgage lenders and other authorities, including failure to review documents and files to establish standing and other foreclosure requisites; filing of notarized affidavits that falsely attest to such review and to other critical facts in the foreclosure process; and "robosignature" of documents.*

\* \* \*

[_____], Esq., pursuant to Hawaii Revised Statutes § 667-17 and under the penalties of perjury, affirms as follows:

1.  I am an attorney at law duly licensed to practice in the State of Hawaii and am affiliated with the Law Firm of _____, the attorneys of record for Plaintiff in the above-captioned mortgage foreclosure action. As such, I am fully aware of the underlying action, as well as the proceedings had herein.

2.  On [date], I communicated with the following representative or representatives of Plaintiff, who informed me that he/she/they (a) personally reviewed plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the Complaint and any supporting affidavits or affirmations filed with the Court, as well as the accuracy of the notarizations contained in the supporting documents filed therewith.

    | Name | Title |
    | --- | --- |
    | | |
    | | |
    | | |
    | | |

3.  Based upon my communication with [persons specified in item 2], as well as upon my own inspection and other reasonable inquiry under the circumstances, I affirm that, to the best of my knowledge, information, and belief, the Summons, Complaint, and other papers filed or submitted to the Court in this matter contain no false statements of fact or law and that plaintiff has legal standing to bring this foreclosure action. I understand my continuing obligation to amend this Affirmation in light of newly discovered material facts following its filing.

4.  I am aware of my obligations under Hawaii Rules of Professional Conduct.

DATED: _____

HRS § 667-17.

The Affirmation here substantially conforms with HRS § 667-17, except that the second paragraph states:

> 2. On May 30, 2013, I received a written communication from Justi Nicole Hillberry, Assistant Vice President of Bank of America, N.A., the servicing agent for plaintiff in the above captioned mortgage foreclosure action, which **informed me that she made an affirmative determination that the facts alleged in previously filed affidavits are factually accurate,** notwithstanding that she was unable to confirm that the underlying documents previously filed with the Court were properly reviewed or notarized at the time they were filed because records sufficient to demonstrate such compliance conclusively were not maintained contemporaneous with the prior filings. Records sufficient to demonstrate compliance with present review and notarization requirements are now maintained.

(Emphasis added).

This attorney affirmation fails to state that a representative of USBNA informed counsel that he/she "personally reviewed plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the Complaint."[2] HRS § 667-17. As this court has previously noted, "[t]he intent of [the statute's] attorney affirmation requirements was to ensure that attorneys investigate foreclosure materials for themselves and authenticate documents they represent to the courts." Bank of America, N.A. v. Lanzi, No. CAAP-13-0002550, 2014 WL 4648169, at 1 (Hawai'i App. Sept. 17, 2014) (SDO). Without these provisions, an affirmation does not further the intent of the statute. Id. Here, the affirmation fails to provide the critical assurance and authentication. Thus, we conclude that the affirmation does not substantially conform with HRS § 667-17. As the affirmation is

---

[2] The Affirmation is followed in the record by a May 30, 2013 "Statement of Review," signed and declared under penalty of perjury by Justi Nicole Hillberry, "Assistant Vice President[,] Bank of America, N.A." (**Hillberry**). Hillberry states that she is "authorized to sign this affidavit on behalf of Plaintiff [USBNA]," and Newton does not directly challenge this assertion. However, even assuming that Hillberry is a representative of USBNA for purposes of HRS Chapter 667, Hillberry does not state that she personally reviewed plaintiff's documents and records relating to this case for factual accuracy or that she confirmed the factual accuracy of the allegations set forth in the Complaint.

deficient, USBNA has not shown that it is entitled to summary judgment.  Therefore, we conclude that the Circuit Court erred in granting summary judgment to USBNA in this case.

Accordingly, we need not reach the other issues raised by Newton in this appeal.

We hereby vacate the Circuit Court's November 5, 2014 Judgment and remand this case for further proceedings.

DATED: Honolulu, Hawaiʻi, July 29, 2016.

On the briefs:

Cordially Fuentes Ramos-Newton,
Defendant-Appellant, *Pro Se*.

Peter T. Stone,
Daisy Lynn B. Hartsfield,
(TMLF Hawaii, LLLC)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge